

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

GREAT AMERICAN INSURANCE  }
COMPANY,                  }
                          }
    Plaintiff,           }    CIVIL ACTION NO.
                          }    03-AR-1429-S
v.                        }
                          }
SOUTHERN COMMERCIAL       }
WATERPROOFING COMPANY OF  }
ALABAMA, INC., et al.,    }
                          }
    Defendants.          }

## MEMORANDUM OPINION

    The court has before it a motion for leave to amend her answer and cross-claim and to file a counterclaim filed by defendant, Diane H. Olcott ("Ms. Olcott"). It is opposed by plaintiff, Great American Insurance Company ("Great American"), which guilds the lily with a Rule 12(b)(6) motion to dismiss the counterclaim not yet filed. As stated, the amended pleading Ms. Olcott proffers contains a counterclaim against Great American for an alleged violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"). Specifically, she contends that Great American discriminated against her with respect to her marital status in requiring her to co-sign an indemnity agreement with her then husband.

    Great American is an insurance company authorized to write surety bonds. It issued payment and performance surety bonds for

ten construction projects of Southern Commercial Waterproofing Company of Alabama, Inc. ("Southern Commercial"), a company whose sole shareholder was John B. Olcott ("Mr. Olcott"). In exchange for a fee, an "insurance premium," Great American, the "surety," guaranteed performance of Southern Commercial, or the "principal." In a performance bond the surety guarantees that the principal will satisfactorily complete the project. In a payment bond, the surety guarantees that the principal will properly pay subcontractors and suppliers. If the principal fails to perform its obligations cover by the bond, both the principal and the surety are liable to the obligee – the owner of the project or the subcontractor or supplier -- on the bond, jointly and severally. While the surety owes the obligee for any failure of the principal, the principal, and any indemnitor, must fully reimburse the surety for any debt thereby incurred. Great American required Mr. Olcott and Ms. Olcott, jointly and severally to indemnify Great American for any loss on the surety bonds issued for the Southern Commercial construction projects.

At some point, Southern Commercial experienced financial difficulties and began defaulting on payments to subcontractors and suppliers. Those subcontractors and suppliers began making claims on the bonds issued by Great American. Great American honored its obligations under the various bonds, resulting in a loss to Great American of nearly $400,000. It brought this action to recover its

payments and costs under the indemnity agreement.

The ECOA provides that "'creditor' means any person who regularly extends, renews, or continues credit; [including,] any person who regularly arranges for the extension, renewal, or continuation of credit." 15 U.S.C. § 1691a(e). "'Credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d). Finally, a "credit transaction" is defined as "every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit." 12 C.F.R. § 202.2(m) (2002).

Great American contends that the Third Circuit has addressed this identical issue in *Capitol Indemnity Corp. v. Aulakh*, 313 F.3d 200 (3d Cir. 2002), holding that a surety situation is not a "credit transaction" under the ECOA. 313 F.3d at 203-04. There, a surety also issued construction bonds for a corporate contractor owned by a sole shareholder. *Id*. at 201-02. The surety required the shareholder's wife to co-sign the indemnity agreement. *Id*. at 202. When it brought suit against the wife to recoup payments on the bond obligations, the wife argued that the indemnity agreement violated the ECOA. *Id*. On summary judgment, the Third Circuit held that the ECOA did not apply to the indemnity agreement. *Id*. at 204. This summary-judgment case is persuasive.

A court can dismiss a claim pursuant to Rule 12(b)(6), F.R.Civ.P., only when a plaintiff "can prove no set of facts which would entitle him to relief." *Martinez v. Am. Airlines, Inc.*, 74 F.3d 247, 248 (11th Cir.1996). It could be said that a surety, through the issuance of a surety bond, "arranges" for subcontractors and suppliers to extend "credit" to the principal, and is, therefore, a "creditor" as defined by the ECOA. Under a surety bond, the surety has obligated itself to pay the "obligations," or debts, of the principal contemplated by the bond if the principal fails to do so. While the bonds do not necessarily extend the "right" to incur debt and defer payment beyond a subcontractor or supplier's payment terms, the bond gives the principal the right to incur debt to subcontractors and suppliers, a right that the principal would not have without the surety bond. As such, the issuance of surety bonds, such as those issued by Great American arguably are "credit transactions" under the ECOA. The indemnity agreement executed in conjunction with, and as a requirement for, the issuance of the surety bonds is, therefore, an aspect of a "credit transaction" with respect to which it is unlawful to discriminate on the grounds of marital status. 15 U.S.C. § 1691(a)(1). This may require a factual inquiry.

Dismissal under Rule 12(b)(6), F.R.Civ. P., must account for the potential facts stated in the paragraph above. Likewise, this

court is mindful that the Third Circuit stated that, "Our holding should not be read to suggest that the issuance of surety bonds can never operate as a 'credit transaction' as defined in a different statute or as understood **in a different set of circumstances**." 313 F.3d at 204. This acknowledgment, while recognizing the probability of summary judgment after discovery, precludes dismissal of the counterclaim because a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not affirm unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").

For the reasons stated above, Ms. Olcott's motion for leave will be granted and Great American's Rule 12(b)(6) motion will be denied.

DONE this 24th day of December, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE