IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.

SOUTHERN COMMERCIAL
WATERPROOFING COMPANY OF
ALABAMA, INC., et al.,

    Defendants.

CIVIL ACTION NO.
03-AR-1429-S

**MEMORANDUM OPINION**

    The court has before it a motion for rehearing filed by plaintiff/counter-defendant, Great American Insurance Company ("Great American"). Great American sought dismissal pursuant to Rule 12(b)(6), F.R.Civ.P., of the counterclaim filed against it by defendant/counter-plaintiff, Diane H. Olcott ("Ms. Olcott"). The court disagreed. Both parties consented to submission of the request for reconsideration without oral argument.

    Great American reasserts its contention that under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, ("ECOA") a surety can never be a "creditor," and that issuing a surety bond is never a "credit transaction," as those terms are defined in the ECOA. Great American argues that "the [surety] bond may indeed give the principal the ability to obtain credit <u>from others</u>, but not from the surety." (Doc. #42 at 3)(emphasis



original). Great American again refers the court to a Fourth Circuit case, *Capitol Indemnity Corp. v. Aulakh*, 313 F.3d 200 (4th Cir. 2002), arguably supporting its position.

The ECOA defines a "creditor" as "any person who regularly arranges for the extension, renewal, or continuation of credit." 15 U.S.C. § 1691a(e). Recently, one federal court held an automobile dealer liable under the ECOA because it assisted a buyer in filling out a credit application and forwarded the application to a lender. *Bayard v. Behlmann Auto. Serv., Inc.*, 291 F. Supp. 2d 1181 (E.D. Mo. 2003). Liability attached despite the fact that the automobile dealer did not itself extend credit to the purchaser. This decision, which the court finds persuasive, cuts against Great American's argument that no liability can arise under the ECOA for merely assisting the principal in obtaining credit "from others."

Ms. Olcott contends that whether Great American acted as a creditor pursuant to the ECOA requires a factual determination. She points out that in this case the "Indemnity Agreement" expressly contemplates: (1) that advances be made to the principal; (2) that the surety step into the shoes of any claimant and become the creditor; and (3) that the Olcotts personally indemnify the indemnitor. She argues that the necessity for a factual inquiry precludes dismissal pursuant to Rule 12(b)(6). If the court correctly hypothesized, as Great

American seems to concede, that the issuing of a surety bond may allow a contractor to obtain credit from other sources, then the question becomes where to draw the line under the totality of circumstances. Does a surety act as a creditor every time it provides a contractor a surety bond, or do other facts have to be proven and taken into consideration? While the Fourth Circuit in *Capitol Indemnity* held that the surety in that case was not a creditor for purposes of the ECOA, it also stated:

> "Our holding should not be read to suggest that the issuance of surety bonds can never operate as a 'credit transaction' as defined in a different statute or as understood **in a different set of circumstances**."

313 F.3d at 204 (emphasis added). The *Bayard* court found that mere assistance was sufficient for liability to attach. Neither *Bayard* nor *Capitol Indemnity* is binding on this court. This court believes that a factual inquiry is necessary and precludes dismissal of Ms. Olcott's counterclaim. Whether her counterclaim will survive a Rule 50 motion is another question. Whether the Eleventh Circuit would adopt or expand upon the reasoning of the Fourth Circuit and find that a surety can never be a "creditor" is yet another question.

An appropriate order will be entered.
DONE this 20th day of January, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE